## JEWETT & al. vs. WESTON.

In an action of *indebitatus assumpsit*, for labor performed in building a house, the plaintiff was permitted to introduce a *special contract*, the existence of it having been proved in the defence, to show that, its terms not having been complied with, no action could be maintained thereon; and also to serve as a guide to the jury in assessing damages, — the defendant having accepted and used the house.

Though such special contract was made with two, and the labor wholly done by one of them, it would not necessarily result from this, and the abandonment of the special contract, that the action should have been brought in the name of him alone who did the labor.

THIS was an action of *assumpsit* for labor performed, and was tried upon the general issue, before *Weston J.* at the last *October* term in this County.

The plaintiffs introduced proof that labor had been performed by one of them, *Jewett*, and his two sons, upon the defendant's house. But it coming out in evidence that the work was done under a special contract, the defendant objected to the maintenance of this action, insisting that it should have been brought upon the contract. The plaintiffs then offered the special contract, which was objected to by the defendant's counsel, but the presiding Judge admitted it, first with a view to compare its terms with the performance proved, in order to determine whether the action could have been brought upon the contract — Secondly, to show that *Arnold*, the other plaintiff, as well as *Jewett*, was employed by the defendant — Thirdly, to prove what the parties had estimated the value of the services to be, if the contract had been completed, from which the jury were to make such deductions as would compensate the defendant for any failure on the part of the plaintiffs.

On comparing the contract with the proof, it appeared that the

contract, which was for building a house, had not in all respects been performed ; but it also appeared that the defendant had accepted and used the house.

The plaintiffs also offered in evidence two other papers given by the defendant to the plaintiffs, extending the time for the performance of the contract, after a portion of the labor had been performed. They were objected to, but admitted, to show that the defendant recognized *Arnold* as having been employed and continuing in the contract, and that the defendant waived any claim for damages on account of the delay.

It was objected by the counsel for the defendant, that the action having been brought on the implied assumpsit and not on the contract, it could not be maintained in the joint names of *Jewett* and *Arnold* without some proof of labor performed by *Arnold*. But the objection was overruled, *Charles H. Jewett*, in addition to the foregoing testimony touching this point, having testified that in the spring of 1830, when he and the plaintiff, *Jewett*, were at work on the house, *Weston* asked *Jewett*, the plaintiff, if *Arnold* was going on under the contract, to which *Jewett* replied in the affirmative.

The verdict was returned for the plaintiffs. If the testimony admitted ought to have been rejected, or if the ruling of the Judge as to the action being properly brought in the names of both the plaintiffs, was erroneous, the verdict was to be set aside and a new trial granted, otherwise judgment was to be rendered thereon.

*Emmons*, for the defendant, objected, 1, to the admission of the written contracts. When there is a written contract the action must be brought on it, except in a few cases stated in the books. But in these excepted cases the plaintiff has no right to introduce the contract and to use it in evidence. He has abandoned it by adopting the action of general *indebitatus assumpsit*.

The defendant may introduce the written contract to prevent the recovery of more than the plaintiff is entitled to, but the plaintiff cannot.

Again, the action was erroneously brought in the joint names of *Jewett* and *Arnold*. If the action had been upon the contract, this would have been right. But that being abandoned, if the

law implied any contract it was in favor of him who did the work — and it does not appear that *Arnold* did any of it.

*R. Williams,* for the plaintiffs, cited *Haywood* v. *Leonard,* 7 *Pick.* 181.

PARRIS J. — When a party has entered into a special contract to perform work for another, and the work is done, but not in the manner stipulated for in the contract, the party performing it may recover on a *quantum meruit,* especially if the other party has accepted the labor, or is in the enjoyment of its fruits.   In this case, the plaintiffs claimed for certain labor performed by them on the defendant's house ; and having proved the performance of the labor, they might well rest until this proof should be avoided by the defence.

It came out in evidence, that the labor was performed under a special contract, and consequently, it became necessary for the plaintiffs either to show that they had performed this contract, so that nothing remained to be done on their part ; or that there had been a deviation by the assent of the defendant at the time, or subsequently assented to, either expressly or impliedly, by his acts. How could either of these alternatives be shewn, except by the production of the special contract ?   If the plaintiffs had claimed under a general count, contending that the special agreement had been fully performed on their part, how could they establish the fact of performance without shewing the agreement ?   If they rested their claim, as they actually did, on the ground of a deviation from the special agreement, and acceptance by the defendant, how could they show such deviation, except by first shewing the contract ?

As soon as it came out in evidence that the labor was performed under a special agreement, the defendant might securely rest, until the plaintiff had removed this obstacle in one or the other of the modes above suggested.

They could do neither without first showing what the agreement was ; and, as that had been reduced to writing, the instrument itself was the best and only admissible evidence.

It was also necessary for another purpose, as a standard by which the damages were to be estimated.

The contract price would be the rule in case the contract had been performed. But that not having been done, so much was to be deducted as the defendant suffered by reason of its non-performance. *Hayward* v. *Leonard*, 7 *Pick.* 181.

When a party engages to do certain work according to a specification, and does not perform it as specified, what he is entitled to, is the price agreed upon, subject to the deduction of the sum which it would take to make it agree with the specification. *Thornton* v. *Place*, 1 *Moody & Robinson*, 218.

For these purposes, the contract was clearly admissible.

The next objection is, that the action cannot be maintained in the joint names of the plaintiffs, as the work was done by *Jewett* alone.

The whole case shews that the labor, was performed on account of both plaintiffs, and was so understood by the defendant. Now it is immaterial whether *Arnold* performed the labor himself or by his agent, *Jewett*. If they were jointly interested in its performance and the defendant was conusant of it, and accepted it as such, then he is unquestionably answerable to both.

That he did know of their joint interest in the labor, and acquiesced in it, is manifest from the two papers offered and properly admitted in evidence, extending the time after a portion of the labor had been performed, as well as from his inquiry, if *Arnold* was going on under the contract, and *Jewett's* reply. *Jewett* and *Arnold* were both parties to the contract. The defendant was advertised that the labor was performed for them under the contract; and as, by virtue of that, they cannot recover, having failed to fulfil it, they are jointly entitled to remuneration under this form of action.

We apprehend that it is immaterial whether the labor was performed by one or both of the plaintiffs, provided it was for and on account of both, and the defendant so understood and assented to it.