ELSIE KING, ADMINISTRATRIX
ESTATE OF ARTHUR KING
*vs.*
HENRY L. BARKER

Aroostook.    Opinion, November 19, 1948.

PER CURIAM.

In this action the plaintiff as administratrix of the estate of Arthur King seeks to recover for labor and materials furnished by her intestate in cutting, yarding and hauling pine and spruce logs for the defendant on Township 39 in Hancock County. The declaration is in assumpsit and includes an omnibus count. The plea is the general issue with brief statement alleging a special contract and damages resulting from its breach. After verdict for the plaintiff the case comes forward on the defendant's motion for a new trial.

The record shows that the decedent having, some time in August 1946 entered into a contract with the defendant to cut one to two million feet or as many as he could of pine and spruce logs and deliver them at Milford for $26 a thousand, cut 559,000 feet, delivered 244,929 feet and on account of sickness from which he soon died, on January 11, 1947 abandoned the job leaving 314,071 feet of logs piled in the woods which the defendant loaded and hauled to his mill. It was agreed that the decedent had been paid $7,783.01 which was in full for his labor on logs delivered and $1,414.86 on account of those cut and yarded, and that his wangan worth $263.25 and left in camp had been appropriated and used. And the real controversy was as to the cost of delivering the logs in the yards.

Under the pleadings and on the facts in this case the plaintiff was entitled to recover for her intestate's labor in

cutting and yarding the logs he left in the woods the price agreed upon for delivery at the mill less such necessary and reasonable expenses as the defendant incurred in completing the contract. *Viles* v. *Lumber Company,* 118 Me. 148; *Jewett* v. *Weston,* 11 Me. 346; *Hayward* v. *Leonard,* 7 Pick. (Mass.) 181; *Britton* v. *Turner,* 6 N. H. 481; 28 *R. C. L.* 704. See *Collinsworth* v. *Ironton Lumber Co.,* 203 Ky. 419, 262 S. W. 592; 71 *C. J.* 172 and cases cited. Also for the value of the supplies and equipment left in the camp; but subject to proper credits for monies advanced on account. Guided by these rules the jury apparently found that there was a logging contract made and broken as alleged, credited the plaintiff's intestate with $8,429.10 for cutting and yarding the logs in the woods and for his wangan, deducted $1,414.86 for monies received on account, allowed $5,339.21 as the reasonable and necessary cost of completing the contract and computation disclosing that there was then a balance of $1,675.03 due from the defendant; this was their verdict. It is not made to appear that there are grounds for granting the motion for a new trial.

*George B. Barnes,* for plaintiff.

*S. F. Needham,*
*James P. Archibald,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ.

*Motion overruled.*